IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JAMES PROFIT**                                                                            **PLAINTIFF**

**v.**                           **CIVIL ACTION NO. 3:23CV428--RP**

**COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION**             **DEFENDANT**

## OPINION AND JUDGMENT

James Profit seeks judicial review pursuant to 42 U.S.C. § 405(g) of the unfavorable decision of the Commissioner of Social Security regarding an application for a period of disability, disability insurance benefits and supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The undersigned held a hearing on May 29, 2024. Having considered the record, the administrative transcript, the briefs of the parties, the oral arguments of counsel and the applicable law, the undersigned finds the Commissioner's decision should be reversed and remanded.

## Standard of Review

In determining disability, the Commissioner, through the Administrative Law Judge ("ALJ"), works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining his burden at each of the first four levels, then the burden shifts to the

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

Commissioner at step five.[2] First, plaintiff must prove he is not currently engaged in substantial gainful activity.[3] Second, plaintiff must prove his impairment is "severe" in that it "significantly limits his physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental demands of his past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that he cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993);

---

[2] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

[4] 20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

[5] 20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

[6] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

[7] 20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

[8] *Muse*, 925 F.2d at 789.

*Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### **Commissioner's Decision**

At step one of the sequential analysis, the ALJ found that the plaintiff has not engaged in substantial gainful activity since the alleged onset date. At step two, he found that the plaintiff

---

[9]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

has the following severe impairments: Type II diabetes mellitus, obesity, carpal tunnel syndrome, degenerative joints disease of the knees, and adjustment disorder. At step three, he found that the plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. The ALJ then found the plaintiff has the residual functioning capacity ("RFC") to perform light work except:

> he can lift/carry 20 pounds occasionally and 10 pounds frequently; stand/walk 6 hours in an eight-hour workday; sit six hours in an eight-hour workday; never climb ladders, ropes or scaffolds; occasionally climb ramps and stairs; occasionally crouch, kneel and crawl; frequently handle, finger and feel with both hands; and avoid unprotected heights. In terms of mental limitations, the claimant can understand, remember and carryout simple instructions and perform simple routine and repetitive task; can attend/concentrate and persist on task for two-hour periods throughout an eight-hour workday with normal breaks; can occasionally interact with supervisors and coworkers, but never with the general public; and can adapt to simple changes.

At step four, the ALJ found that the plaintiff cannot perform his past relevant work. Finally, at step five, the ALJ found that considering the plaintiff's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that the plaintiff can perform, such as the jobs of laundry folder, house keeper, and inspector. As such, the ALJ concluded that the plaintiff is not disabled.

## Discussion

The plaintiff makes several arguments of error on appeal, one of which the court finds has such merit as to warrant reversal of the Commissioner's decision.[11] The court agrees with the plaintiff's argument that in reaching his decision denying benefits, the ALJ failed to consider

---

[11] For the reasons discussed on the record at the conclusion of oral arguments in this case, the court finds no error among the other issues raised by the plaintiff.

all the record evidence, specifically the plaintiff's second function report.

In his first function report, dated December 12, 2021, the plaintiff stated he has no problems with personal care, needs no special reminders to take care of personal needs and grooming, and needs no help or reminders taking medicine. The ALJ relied on these statements throughout his decision denying benefits. For instance, at step three of the sequential evaluation process, the ALJ relied on these statements, among other evidence, in finding that the plaintiff has only a moderate limitation in understanding, remembering, or applying information and only a mild limitation in adapting or managing oneself. At step four, the ALJ further relied on these statements in evaluating the extent of the plaintiff's limitations in activities of daily living, repeatedly contrasting these statements with the May 9, 2023 administrative hearing testimony by the plaintiff and his wife that his wife has to bathe him and make sure he takes his medications on time. However, nowhere in the decision does the ALJ mention the plaintiff's second function report, dated July 20, 2022, stating that he requires his wife's assistance with all aspects of personal care (e.g., dressing, bathing, grooming, feeding, and using the bathroom), that his wife reminds him to take care of personal needs and grooming, and that she reminds him to take his medications. These statements are consistent with the hearing testimony.

An ALJ must consider all the record evidence and cannot "pick and choose" only the evidence that supports his position. *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000). Of course, "[t]he ALJ is not required to recite every scrap of evidence which the claimant considers helpful to [his] case." *Hall v. Barnhart,* 31 F. App'x. 839 (5th Cir. 2002) (per curiam). In the present case, however, it is clear from the ALJ's heavy reliance on the subject statements in the plaintiff's first function report that the ALJ did not simply fail to mention the differing

5

statements in the second function report – he altogether failed to consider them. This is error, and the court finds it is not harmless.

Procedural perfection in administrative proceedings is not required, and the court will not vacate a decision "unless the substantial rights of a party have been affected." *Mays v. Bowen,* 837 F.2d 1362, 1364 (5th Cir. 1988). Procedural errors affect the substantial rights of a claimant only when they "cast into doubt the existence of substantial evidence to support the ALJ's decision." *Morris v. Bowen,* 864 F.2d 333, 335 (5th Cir. 1988). Remand is required only when, absent the procedural error, there is a realistic possibility that the ALJ would have reached a different conclusion. *January v. Astrue,* 400 Fed.Appx. 929, 933 (5th Cir. 2010) (per curiam). "Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached even if the ALJ did not err." *Keel v. Saul,* 986 F.3d 551, 555 (5th Cir. 2021).

Here, the statements in the plaintiff's second function report, taken together with the hearing testimony and the other record evidence, suggest that the plaintiff's mental condition may have deteriorated in the time since he submitted the first function report. It is not inconceivable that, considering the second function report, the ALJ would have reached this conclusion, in which event a different outcome may have resulted.

For these reasons and for those announced on the record at the conclusion of oral argument, the Commissioner's decision is REVERSED and REMANDED for a rehearing of the plaintiff's application under the fourth sentence of § 405(g).

**SO ORDERED**, this the 29th day of May, 2024.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE